United States District Court
for the District Of Massachusetts

|  |  |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> Plaintiff ) <br> ) <br> ) <br> ) <br> ) <br> ANH DAO THI LUU ) <br> Defendant ) <br> _____) | District Court Case No 1:14-CV-14336-ADB <br><br> PLAINTIFF'S MOTION TO VACATE <br> DEFAULT JUDGEMENT |

**PLAINTIFF'S MOTION TO VACATE DEFAULT JUDGEMENT**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Defendant, Anh Dao Thi Luu, (hereinafter "Defendant") for good cause seeks relief from the Default Judgement entered against her as a result of mistake, inadvertence and excusable neglect. The Defendant failed to respond to the lawsuit because of the confusion caused by the Plaintiff J &J Sports Productions Inc.'s erroneous filings against improper parties. The Defendant therefore has a meritorious defense against the claims brought by the Plaintiff J &J Sports Productions, Inc. (hereinafter "Plaintiff") and defaulted in this case for good reason.

**FACTUAL BACKGROUND**

Anh Dao Thi Luu, the Defendant, is a resident of Chelsea, Massachusetts who immigrated from Vietnam with her husband, Caam Luu, in the year 2000. (*See attached* <u>Exhibit A: Anh Dao Thi Luu Affidavit</u>). Shortly after immigrating to Massachusetts, the Defendant and her husband established and operated Wing's Pho Anh Dao Restaurant located at 408 Broadway, Chelsea, Massachusetts. *Id*. In October of 2012, Defendant sold her interest in the restaurant to a Jose Pineda-Recinos. *Id*. Since the sale on October 15th 2012, the Defendant has no involvement in the 408 Broadway street restaurant. *Id*. The Defendant has never resided at or ever listed 408

Broadway Street as her home address. *Id*. For the last seventeen years, the Defendant has lived with her husband at 221 Central Avenue Apt 2 Chelsea, MA 02150 and both of them have properly registered their state issued driver's licenses at that address. *Id*.

The Plaintiff in this case filed suit against the Defendant in a personal capacity on December 4th, 2014 for alleged conduct at the 408 Broadway Street restaurant that occurred two years before on December 9th, 2012 after the Defendant had sold her interest in the restaurant. For over ten months, the suit was never properly served against the Defendant because of the Plaintiff's failure to investigate and failure to diligently serve the Defendant. *(See attached* Exhibit B: Service of Summons on October 27th 2015). In fact, the Plaintiff's first attempt at service came on April 7th 2015, one hundred and twenty-three (123) days after summons was issued by this Honorable Court. Late service was allowed only after the Plaintiff tardily requested additional time to serve the Defendant. (*See attached* Exhibit C: Motion to Extend Time to Complete Service of Process).

On April 7th, 2015 a Sheriff served the summons, complaint, coversheet and corporate discloser sheet to a bartender at the restaurant, Silvia Sarano, as the Defendant's "last and usual place of abode, 408 Broadway Street." *(See attached* Exhibit D: Service of Summons on April 7th 2015). Using this insufficient service, the Plaintiff then began moving swiftly towards default judgement in the hopes of recovering exorbitant damages. It was only after the Court ordered the Plaintiff to show cause in October 2015 that the Plaintiff was forced to make an attempt at sufficient service. *(See attached* Exhibit E: Rule to Show Cause).

The Plaintiff's second attempt at summons was returned on October 27th, 2015 and was served by leaving a copy of the summons, complaint, coversheet and corporate discloser sheet at 221 Central Avenue Apartment 1 Chelsea, Massachusetts 02150 and by first class mail with no

one physically accepting the documents. (*See attached* Exhibit B: October 27th 2015 Summons). The Defendant's husband, Caam Luu, vaguely recalls receiving the documents and being confused by its contents primarily because the Defendant had completely disassociated from the restaurant and sold her interest and the allegations occurred after that time period of the Defendant's ownership. (*See attached* Exhibit F: Caam Luu affidavit). Without an understanding of the U.S. legal system and a fully ability to read and write English, the Defendant and her husband did not know what to do with the documents and handed the documents off to the new owners who they believed were the parties whose actions were subject to question. The new owners were confused by the letter because they did not recall the alleged events from three years prior in 2012. Furthermore, because letters and documents were being addressed to the Defendant for conduct that occurred at the restaurant but at a time when the Defendant had left and no longer owned same, the entire case was a mass of confusion for the Defendant and new owners. The Defendant did not hear about the case again until April 2016 when she began receiving notices of default judgement. Up until this time, even the United States District Court Clerk's Office was addressing documents by the Defendant's name, Anh Dao Thi Luu, but still to the old 408 Broadway Street address, which she had not been a part of for over four years. (*See attached* Exhibit G: Return Receipt Filed 3/09/16). Finally, after researching the case with a number of different attorneys, the Defendant hired this firm to handle the case in early July 2016.

      Meanwhile, the actual owner of the restaurant located at 408 Broadway Street Chelsea, Jose Recinos, had closed down from October 2015 to April 2016 and no letters or mail were received until April 2016 when the new owners discovered documentation regarding the default in the pending lawsuit. (*See attached* Exhibit H: Jose Pineda Affidavit). Furthermore, Jose

Pineda, the owner of the restaurant at the time of the allegations, denies the efficacy of such claims as there were no closed circuit television events being broadcasted on the date in question.

## ARGUMENT

### I. ENTRY OF DEFAULT SHOULD BE VACATED BECAUSE THE DEFENDANT HAS A MERITORIOUS DEFENSE AND A GOOD REASON FOR THE DEFAULT.

The Default Judgement should be vacated for three primary reasons; because the Defendant has a meritorious defense; because the Defendant is highly prejudiced by the judgement without the claim being litigated on its merits; and because the Defendant's conduct was not culpable in allowing the case to result in a default judgement. Entry of default may be set aside for good cause. *See* Fed.R.Civ.P. 55(c). Once final judgement has been entered, relief must be sought under a high standard set out in Federal Rule of Civil Procedure 60(b). *See* Fed.R.Civ.P. 55(c); *Coon v. Grenier*, 867 F.2d 73,77 (1st Cir. 1989). Rule 60(b)(1) permits a district court to set aside an order or judgment upon a finding of "mistake, inadvertence, surprise, or excusable neglect." *United States v. Certain Real Property Located at 330 Fern Street, Bangor*, 21 F.3d 420 (1st Cir. 1994). To prevail on a Rule 60(b) motion, the party seeking to have the judgment vacated bears the heavy burden of showing both a good reason for the default and the existence of a meritorious defense." *Id*. citing *United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops,* 857 F.2d 46, 48 (1st Cir. 1988)

A district court has sound discretion to allow a motion to set aside a default judgement. *United States v. One Urban Lot, Etc.,* 865 F.2d 427,429 (1st Cir. 1989). When determining whether to vacate a default judgement under Rule 60(b)(1), "courts consider factors such as the length of delay, the reason for delay, whether the movant acted in good faith, and prejudice to the opposing party." *Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d

58, 64 (1st Cir. 2001). Of all the factors, "the excuse given for the late filing must have the greatest importance." *Hospital del Maestro v. Nat'l Labor Relations Bd.*, 263 F.3d 173, 175 (1st Cir.2001) (internal citations and textual alterations omitted); *accord $23,000 in U.S. Currency*, 356 F.3d at 164.; *Larrabee v. Mathewson*, No. CIV. 11-11853-FDS, 2013 WL 4456986, at 1 (D. Mass. Aug. 15, 2013)

### *A. The Defendant Has a Meritorious Defense.*

To satisfy the "meritorious defense" component, a movant does not need to demonstrate a likelihood of success on the merits but rather plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense. *Coon v. Grenier*, 867 F.2d 73,77 (1st Cir. 1989). The Defendant had no ownership at the time that the Plaintiff alleges this incident occurred. Jose Pineda, the owner of the Restaurant at the time of the allegations, also denies any claim that there was an illegal closed circuit television event being broadcasted. The Plaintiff has relied upon the affidavit of one witness who allegedly went to the 408 Broadway Street Restaurant and who cannot identify the Defendant being present at the location during the time of incident. Furthermore, the Defendant has a further meritorious claim in that the Plaintiff has failed to file suit against the proper party. As mentioned, the Defendant was no longer involved in the restaurant in December 2012. Given the totality of the circumstances, the Defendant's claim has a likelihood of prevailing on the merits.

### *B. The Defendant Has A Good Reason For Defaulting And Acted In Good Faith.*

The Defendant's default in this case was a direct result of the Plaintiff filing this case against the wrong party and thereby creating confusion leading to mistake and excusable neglect. This confusion lead to the Defendant not knowing what to do for a number of months until an attorney was finally hired. It is abundantly clear that the Defendant was not willful in defaulting.

The Defendant did not have full knowledge of the against her until late April 2016 when default judgement had already entered. There is no evidence to suggest that the Defendant was avoiding service. In the confusion following the October 27th, 2016 service to their home address, the Defendant and her husband could not comprehend or understand why the allegations were being brought against them for something that may have occurred after the Defendant had already sold the restaurant. Furthermore, Jose Pineda, the new restaurant owner, had closed down the restaurant from March 2015 to April 2016 and therefore the new owners had not checked their mail for an extended time and were not named on the suit nor aware of any liability of claims of the former owner. When the Defendant and her husband discussed the issue with the new owners, it created even further confusion because the allegations were brought against a defendant who was no longer involved in the restaurant on the date of the alleged incident. The Defendant and her husband did what they could by informing the new owners of what they understood was an issue for the new owners. The Defendant should not be punished for an alleged showing at the restaurant she no longer owned.

### *C. Setting Aside the Default Judgement Will Not Prejudice the Plaintiff.*

The Plaintiff will not be prejudiced by setting aside default. Mere passage of time since the default does not in itself constitute prejudice to the Plaintiff, especially in cases where the plaintiffs themselves wait a long period of time before instituting suit. *Id*. at 77. Simple delay in satisfaction of the plaintiff's claim or requiring the plaintiff to litigate an action is also insufficient to show prejudice. *Id*. *citing Robinson v. Griffith*, 108 F.R.D. 152, 156 (W.D.La.1985).

Here, the Plaintiff waited over two years from the date of the alleged incident before bringing claims in federal court. Furthermore, the Plaintiff did not conduct a proper investigation

to determine where and if the Defendant lived at the location at which she was served. The Plaintiff was admonished by the court for its failure to prosecute in a timely manner when service was completed four months after filing and default was requested based on improper service. In looking to cases filed by the Plaintiff, it becomes abundantly clear that the Plaintiff preys upon small businesses that have little to no resources to fight or resist the demands of payment. In fact, in the district of Massachusetts alone, the Plaintiff has over nineteen cases filed against business for similar allegations. The Court should not reward the Plaintiff for its lack of due diligence and failure to prosecute by maintaining this default judgement.

### *D. The Motion Is Timely And Has Been Filed With Minimal Time Passing Since The Defendant Hired Counsel.*

Rule 60(b)(1) requires a motion to be filed within one year from the date of final judgement. The Defendant files his motion within four months of default judgment being issued by this Court. Most importantly, as the court reasoned in *Larrabee v. Mathewson*, No. CIV. 11-11853-FDS, 2013 WL 4456986, at 1 (D. Mass. Aug. 15, 2013) the Defendant was only recently able to hire counsel. In consideration of the time that elapsed before proper service was completed by the Plaintiff, and the extensive time that Plaintiff took to file the case, the Defendants delay in requesting relief from the default judgement should be considered nominal.

## CONCLUSION

In making a 60(b) determination, courts must weigh the desire to decide disputes on their merits against the importance of finality in court judgements. Here, because there is a meritorious defense, because of the confusion caused to this immigrant Defendant who was not involved or liable for any such cable showing for defaulting, and because there will be minimal prejudice to the Plaintiff, this Court should allow the Defendant full due process having this

matter litigated on the merits. Vacating the default judgement here is the outcome that justice requires.

      **WHEREFORE**, Defendant respectfully requests that this Honorable Court grant this Defendant's Motion to Vacate Default Judgment. Furthermore, the Defendant requests a hearing be held on her Motion to Vacate Default Judgment if any opposition is so filed.

      Respectfully submitted,

      PLAINTIFF
      By their attorneys,

      /s/ Herbert S. Cohen_____
      Herbert S. Cohen, BBO# 089180
      hscohenlaw@gmail.com
      Cohen Law Group
      500 Commercial Street Suite 4R
      Boston, MA 02109
      (617) 523-4552

September 1, 2016

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF

September 1, 2016                              /s/ Herbert S. Cohen_____
                                                        Herbert S. Cohen, BBO# 089180