UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 14-cv-14336-ADB |
| v. | * | |
| | * | |
| ANH DAO THI LUU, | * | |
| d/b/a EL CORRAL RESTAURANT | * | |
| a/k/a WINGS RESTAURANT, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER**

September 30, 2016

BURROUGHS, D.J.

This is a dispute involving the allegedly unauthorized broadcasting of the Manny Pacquiao v. Juan Manuel Marquez, IV Welterweight Fight Program (the "Fight Program"), at a restaurant located at 408 Broadway Street, Chelsea, Massachusetts ("408 Broadway Street") on December 8, 2012. Complaint ("Compl.") [ECF No. 1]. Because of Anh Dao Thi Luu's (the "Defendant") failure to appear or otherwise defend, this Court entered an order for default judgment, upon J&J Productions, Inc.'s (the "Plaintiff") motion and after an entry of default, on March 23, 2016 and assessed damages, costs, attorneys' fees, and post-judgment interest in the total amount of $7,831.37. [ECF No. 40].

On September 9, 2016, the Defendant filed a Motion to Vacate Default Judgment [ECF No. 41], which was opposed by the Plaintiff [ECF No. 42] on September 15, 2016. Thereafter, the Defendant filed a Request to File a Reply to Plaintiff's Opposition [ECF No. 48]. A hearing

was held on September 27, 2016. At the hearing, over Plaintiff's objection, the Court allowed Defendant's request to file a reply [ECF No. 48]. For the reasons explained below, the Defendant's Motion to Vacate Default Judgment [ECF No. 41] is <u>ALLOWED</u>.

## I.    Background

The Plaintiff, J&J Sports Productions, Inc., had acquired exclusive commercial rights to broadcast the Fight Program. Compl. ¶ 9. It entered into sublicensing agreements with various commercial entities that granted these entities limited sublicensing rights to publicly exhibit the Fight Program. Compl. ¶ 10. The Complaint alleges that the Defendant herself or through "agents, servants, workman or employees" showed the Fight Program on December 8, 2012 at her commercial establishment at 408 Broadway Street without any authorization. Compl. ¶¶ 12, 13. The Complaint further alleges that, "upon information and belief, the Defendant resides at 408 Broadway Street, Chelsea, Massachusetts and is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as EL CORRAL RESTAURANT aka WINGS RESTAURANT at 408 Broadway Street, Chelsea, Massachusetts." Compl. ¶ 7.

The Plaintiff first attempted to serve the Complaint by leaving a copy of the Summons, Complaint, Cover Sheet, and Corporate Disclosure Statement at 408 Broadway Street, Chelsea, Massachusetts with Silvia Sarano, a bartender, on April 6, 2016 and by sending copies by first class mail to the same address on April 7, 2016. [ECF Nos. 7, 10]. The Court concluded that service was not proper because the Defendant was being sued in her individual capacity but was being served at her place of business. [ECF No. 14]. In late October 2015, Plaintiff again attempted to execute service on the Defendant at her last known residence, 221 Central Avenue,

Apt #1, Chelsea, Massachusetts. [ECF Nos. 19, 22]. The Defendant acknowledges receipt of the

documents, but explains that she and her husband were confused given that they had sold the

business, had limited English, and were unfamiliar with the U.S. legal system. See Anh Dao Thi

Luu Affidavit ("Luu Aff.") [ECF No. 41-1 ¶ 9]; see also [ECF No. 41 at 3]. She never answered

or appeared in any capacity in this case. Default judgment against the Defendant was entered on

March 23, 2016. [ECF No. 40].

## II.     Legal Standard

Once a default judgment has been entered, relief must be sought under Rule 60(b). See

Fed. R. Civ. P. 55(c). The Rule 60(b) standard for setting aside entries of default judgment is less

liberal than the "good cause" standard for setting aside entries of default. See United States v.

$23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (discussing Fed. R. Civ. P. 55(c)).

In this case, the Defendant argues that the default judgment should be vacated under Rule

60(b)(1), which provides, in pertinent part, that "[o]n motion and just terms, the court may

relieve a party or its legal representative from a final judgment . . . [for] (1) mistake,

inadvertence, surprise or excusable neglect." See Fed. R. Civ. P. 60(b)(1).

A motion under Rule 60(b)(1) must be brought within one year of entry of judgment. See

Fed. R. Civ. P. 60(c)(1); see also Blanchard v. Cortes-Molina, 453 F.3d 40, 44 (1st Cir. 2006).

Furthermore, Rule 60(b)(1) "requires a showing of 'excusable neglect' to win relief from a final

judgment." $23,000 in U.S. Currency, 356 F.3d at 164; see also Aguiar-Carrasquillo v. Agosto-

Alicea, 445 F.3d 19, 28 (1st Cir. 2006) ("excusable neglect" is a "fairly flexible concept that

encompasses 'inadvertence, mistake, or carelessness, as well as by intervening circumstances

beyond the party's control.'") (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507

U.S. 380, 388 (1993)). "Our evaluation of what constitutes excusable neglect is an equitable

determination, taking into account the entire facts and circumstances surrounding the party's omission, including factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 64 (1st Cir. 2001). At bottom, however, the determination is an equitable one, and the critical factor is the reason for the movant's neglect and whether it excuses the neglect. Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38–39 (1st Cir. 2013).

Although the First Circuit has taken a somewhat "harsher tack" than other circuits, Davila-Alvarez, 257 F.3d at 64 (internal quotation marks omitted), district courts nonetheless have "wide discretion in deciding Rule 60(b) motions," Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002). Further, legal policy favors resolving a case on the merits. See Am. Metals Serv. Exp. Co. v. Ahrens Aircraft, Inc., 666 F.2d 718, 720 (1st Cir. 1989). When deciding whether to vacate a default judgment, the court must balance "the importance of finality in litigation against the desirability of deciding cases on the merits." Ungar v. Palestine Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010). Accordingly, to obtain relief under Rule 60(b), the movant must also show that a meritorious defense exists. See United States v. Proceeds of Sale of 3,888 Pounds Atl. Sea Scallops, 857 F.2d 46, 48 (1st Cir. 1988).

### III.   Discussion

The Defendant argues that, under Rule 60(b)(1), the default judgment should be vacated because there was good reason for the default, the Plaintiff would not be prejudiced, and the Defendant has a meritorious defense, namely that she had sold the business and was no longer involved at the time of the broadcast of the Fight Program. [ECF No. 41]. The Plaintiff responds that the default judgment should not be set aside because the Defendant has failed to provide a

good reason to vacate and does not have a plausible defense. [ECF No. 42]. Specifically, the Plaintiff argues that service was properly executed and that it was sufficiently clear on the face of the summons that the person named, the Defendant, had to respond to the complaint. [ECF No. 42 at 5]. The Plaintiff also claims that the Defendant remained involved in the business at 408 Broadway Street as a licensee of record for liquor sales and as a director of the Wings El Corral, Inc., subsequent to the business being sold. See [ECF No. 42 at 2, 7]; see also Affidavit in Support of Opposition to Motion to Vacate Default Judgment [ECF No. 43, Exs. A–C].

The Court finds that the Defendant's default in this case was the result of excusable neglect. First, the Court finds that the Defendant's effort to vacate the default judgment is timely as the Defendant filed the present motion within six months of entry of the default judgment. See Claremont Flock, 281 F.3d at 300. Second, the Court credits the Defendant's explanation of the reasons for the default, and finds that the circumstances of this case warrant vacating the default and allowing the Defendant to defend the case on its merits. The Complaint and Corporate Disclosure Statement that were served on the Defendant list the following defendant: "Anh Dao Thi Luu, dba El Corral Restaurant aka Wings Restaurant." [ECF Nos. 1, 2, 7]. Thus, although she received court papers in her name, the papers referenced a business entity that she no longer owned and an event that took place at the restaurant *after* she had already sold it. Even then, rather than simply ignore the summons, the Defendant claims that, when she received it in October 2015, she passed it along to the actual owners of the business at 408 Broadway Street. See Luu Aff. ¶ 9. Further, the Defendant asserts that her and her husband's English language abilities and knowledge of the U.S. legal system were limited. See Luu Aff. ¶ 9; see also [ECF No. 41 at 3]. There is also no evidence of bad faith on the part of the Defendant, and it is not

apparent how the Plaintiff would be prejudiced, beyond having to prove its case at trial, if the default judgment is vacated.

Lastly, and perhaps most significantly, the Defendant has a plausible defense as there is evidence she was no longer the owner or in control of the business at the time that it allegedly broadcast the Fight Program. The Defendant claims that she sold the business located at 408 Broadway Street on October 15, 2012. [ECF No. 41 at 1]. She includes with her Reply a copy of the sale agreement, executed by herself and Jose Eliseo Pineda Recinos. [ECF No. 48-1]. She also states in her affidavit that she "signed over management, control and ownership of the restaurant located at 408 Broadway . . . in October 2012." Luu Aff. ¶ 8. The Defendant represents that, since the sale, she has had no involvement with the business. [ECF No. 41 at 1–2]. The Plaintiff counters that the Defendant's disavowal of any connection to the business at the relevant time is belied by the fact that the Defendant's name remained on the liquor license well beyond the date of the sale of the business, and there are other indications as well that the Defendant may have played an ongoing role in the business following the sale. Nonetheless, the affidavits coupled with the sale agreement "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 4 (1st Cir. 2010) (discussing meritorious defense inquiry in context of setting aside entry of default).

Given the timeliness of the effort to vacate the default, the lack of bad faith or prejudice, the circumstances of the default, and the real possibility of a meritorious defense, the Court finds that the Defendant has met its burden under Rule 60(b). The default will be vacated.

**IV.     Conclusion**

For the foregoing reasons, the Defendant's Motion to Vacate Default Judgment [ECF No.

41] is <u>ALLOWED</u>.

**SO ORDERED.**

Dated: September 30, 2015

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE
